OPINION
{¶ 1} The plaintiff-appellant, Paul Babcock ("Babcock"), brings this appeal pro se to challenge the judgment of the Upper Sandusky Municipal Court's Small Claims Division awarding Babcock $159.50 for the value of personal property retained by the defendant-appellee, Kimberly Trausch ("Trausch").
 {¶ 2} Babcock and Trausch apparently lived together on several occasions during the course of their seven year relationship. The parties have one child together, and there appears to be a dispute over real property, which is not at issue in this case. Babcock filed a complaint in small claims court alleging that he had purchased, and Trausch had retained, items of personal property. A hearing was held on May 18, 2005, and the following people were called as witnesses: Babcock, Trausch, Kimberly Beach, Sue Beidelschies, Myron Wayne Babcock, Jr., and Randy Leeth. During the hearing, Trausch returned some of Babcock's personal property to him.[1] The trial court filed its judgment entry on June 17, 2005. On July 19, 2005, the trial court overruled Babcock's request for findings of fact and conclusions of law, stating, "the Judgment Entry of June 17, 2005 contains sufficient [findings] of fact an [sic] conclusions of law." Babcock appeals from the trial court's June 17, 2005 judgment and asserts the following assignment of error:
The Appellant contends that the trial court's judgment was against themanifest weight of the evidence and contrary to the evidence andtestimony produced at trial.
 {¶ 3} We begin by setting forth the standard of review. Weight of the evidence "`indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight . . . depends on its effect in inducing belief.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541 (emphasis in original). When an appellate court reviews cases on the basis that the judgment is against the manifest weight of the evidence, it acts as a "thirteenth juror". Id. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new hearing ordered. See State v. Adkins, 3rd Dist. No. 5-97-31, 1999-Ohio-881 (citation omitted). However, determinations concerning the weight of the evidence and credibility of the witnesses are better left to the trier of fact because it is able to observe the witnesses' demeanors and hear the testimony. State v. DeHass (1967),10 Ohio St. 2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The same principles apply to the small claims court, where the judge is the sole trier of fact.
 {¶ 4} We note that Trausch has failed to file an appellee's brief. Therefore, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). However, even if we accept Babcock's statements, we cannot find that the trial court clearly lost its way. As evidence of purchase price, Babcock produced receipts for a push mower, a gas grill, two telephones, a kitchen table and six chairs, a washer and dryer set, a couch and loveseat, and a television. However, there was no testimony as to current fair market value. Without the benefits of counsel, the testimony was a little disjointed, but there were disputes as to whether some items were gifts from Babcock to Trausch, whether some items were bought while the parties lived together, and whether some items were purchased as replacement pieces. Because the trial court was in the better position to determine issues of witness credibility, and based on the record before us, we cannot find that the judgment is against the manifest weight of the evidence.
 {¶ 5} The judgment of the Upper Sandusky Municipal Court's Small Claims Division is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Rogers, J., concur.
[1] Trausch returned the following: 3 certificates of title; a jar of change; a battery pack; three Swiss Army watches; a bag of keys; a 911 coin; pictures; a boat title; a birth certificate; and U.S. Dollars series 1979 and 1916 through 1947.